IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 2:00-CR-15-2-BO
No. 2:14-CV-62-BO

| | |
|---|---|
| TROY LERONE DUNSTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion pursuant to 28 U.S.C. § 2255, the government's motion to dismiss, and petitioner's motion to amend. For the reasons discussed below, petitioner's motion to amend is denied and his § 2255 motion is dismissed.

## BACKGROUND

On October 1, 2001, petitioner was sentenced to a term of 190 months' imprisonment and sixty months of supervised release after pleading guilty pursuant to a plea agreement to a charge of conspiracy to possess with the intent to distribute cocaine base in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). Petitioner's sentence was reduced to 153 months' imprisonment on a successful motion pursuant to 18 U.S.C. § 3582(c)(2). On October 16, 2013, petitioner appeared before the undersigned on a motion by the United States Probation Office to revoke petitioner's term of supervised release. After finding that petitioner did violate his supervised release conditions, the Court entered an order committing petitioner for a term of forty-two months to the custody of the Bureau of Prisons or its authorized representative. Petitioner did not file a direct appeal.

On August 14, 2014, petitioner filed a motion which, upon notice and consent of petitioner was re-characterized by the Court as a motion pursuant to 28 U.S.C. § 2255. Petitioner seeks an order vacating and setting aside the Court's order revoking his supervised release term as the order was entered without any legal or factual support. Petitioner further contends that the Court's forty-two month sentence was beyond that authorized by the sentencing guidelines. Petitioner seeks his immediate release.

## DISCUSSION

I. MOTION TO AMEND

Petitioner asks to amend or supplement his § 2255 motion so that he might cure any possible defects. However, petitioner has failed to provide the Court with a proposed amended motion or any forecast of information which would suggest that an amended petition would cure any defects raised by the government in its motion to dismiss. While petitioner is correct that leave to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure should be freely given, a motion to amend a pleading

> is subject to the requirements of Rule 7(b), and must set forth with particularity the relief or order requested and the grounds supporting the application. In order to satisfy these prerequisites a copy of the amendment should be submitted with the motion so that the court and the adverse party know the precise nature of the pleading changes being proposed.

6 Wright, Miller, Kane, Marcus & Steinman, *Federal Practice and Procedure* § 1485 (3d ed.); *see also Grombach v. Oerlikon Tool & Arms Corp. of Am.*, 276 F.2d 155, 165 (4th Cir. 1960) (motion to amend denied where "[n]o actual amendment was tendered"). In light of the absence of petitioner's proposed amendments, the Court is constrained to deny his request.

2

II. MOTION TO DISMISS

The government moves to dismiss petitioner's § 2255 motion for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings). A Rule 12(b)(6) motion must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The motion for revocation of petitioner's supervised release cites to two violations, the first being criminal conduct and the second being failure to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. [DE 60]. At his revocation hearing, petitioner admitted violation two and pled no contest to violation one as the charges against him were then pending in state court. The government then presented evidence as to the criminal conduct violation, and the Court found that the government had shown by a preponderance of the evidence that petitioner had committed both violations. [DE 73].

The government is correct to contend that petitioner has procedurally defaulted on his claims because he had the opportunity to raise them on direct appeal but failed to do so. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Procedural default may only be excused if a petitioner can show cause and prejudice or that he is actually innocent. *Id.* Petitioner's pleading does not allege facts which would demonstrate either cause and prejudice or actual innocence.

Petitioner does contend that the criminal charge which formed the basis of his criminal conduct violation was dismissed, and that his supervised release revocation is therefore infirm. Whether construed as an attempt to show actual innocence to overcome procedural default or as the basis for his section 2255 motion, petitioner's claim fails. First, in order to demonstrate

3

actual innocence to overcome procedural default, a petitioner must demonstrate "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Second, whether the state court charges for the conduct forming the basis of petitioner's criminal conduct violation were dismissed is of no import. A court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . ..

18 U.S.C.A. § 3583(e)(3). Upon the government's showing at petitioner's revocation hearing, the Court found that, by a preponderance of the evidence, petitioner had committed both violations listed in the revocation motion. Petitioner has not made any allegation regarding the sufficiency of the evidence presented, though his failure to do so on direct appeal would also serve as a procedural bar under *Bousley*. Petitioner's first claim must therefore be dismissed.

Petitioner next contends that his sentence of forty-two months was beyond that authorized by the sentencing guidelines. Again, this claim is procedurally barred for failure to raise it on direct appeal. However, even if it were not procedurally barred, it lacks merit. Petitioner was convicted in this Court of a class A felony. *See* 18 U.S.C. § 3559(a)(1). The maximum revocation sentence provided for a class A felony is sixty months' imprisonment. 18 U.S.C. § 3583(e)(3). Petitioner's Sentencing Guidelines range for his revocation was fifty-one to sixty-three months, U.S.S.G. § 7B1.4, but that range was limited by petitioner's statutory maximum under 18 U.S.C. § 3583(e)(3). Petitioner was not sentenced in excess of the statutory maximum, and was in fact sentenced well-below his Sentencing Guideline range. Moreover, when imposing sentence on a supervised release revocation, "the court has broad discretion to impose a particular sentence." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010).

4

Accordingly, petitioner has not shown that his revocation sentence was beyond that authorized by either the advisory guidelines or the statutory maximum. Petitioner's claim as to the sentence he received thus fails.

III. CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motion to amend [DE 99] is DENIED, the government's motion to dismiss [DE 87] is GRANTED, and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 75 & 83] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 23 day of March, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE